UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY GAITAN,

    Petitioner,

v.                                                           Case No. 8:21-cv-930-WFJ-UAM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**<u>ORDER</u>**

    Mr. Gaitan, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) in which he raised one claim of ineffective assistance of trial counsel. He filed an amended petition (Doc. 8) in which he reasserted the ineffective assistance claim and raised three additional claims. He filed a second amended petition (Doc. 10) in which he omitted the ineffective assistance claim and reasserted the three claims initially raised in the amended petition. Respondent moves to dismiss the second amended petition as time-barred (Doc. 12), which Mr. Gaitan opposes (Doc. 13). Upon consideration, the motion to dismiss will be granted as to the claims raised in the second amended petition. The ineffective assistance claim, however, will be denied on the merits.

1

## I. PROCEDURAL BACKGROUND

Mr. Gaitan was found guilty by a jury of two counts of sexual battery on a victim less than 12 years of age (Doc. 9-2, Ex. 3). He was sentenced to life in prison on both counts (*Id.*, Ex. 4). His convictions and sentences were affirmed on appeal on May 11, 2012 (*Id.*, Ex. 6).

On July 24, 2013, Mr. Gaitan filed a Motion to Correct Illegal Sentence (*Id.*, Ex. 8). The motion was denied on October 29, 2013 (*Id.*, Ex. 9).

On August 13, 2013, Mr. Gaitan filed a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure (*Id.*, Ex. 10), which was twice amended (*Id.*, Exs. 11, 12). The Rule 3.850 motion was finally denied on July 1, 2019 (*Id.*, Ex. 18). The denial was affirmed on appeal (*Id.*, Ex. 20), and the appellate court mandate issued on December 28, 2020 (*Id.*, Ex. 21).

On March 17, 2021, Mr. Gaitan filed a petition for a writ of habeas corpus in the Florida Supreme Court (*Id.*, Ex. 22). The petition was dismissed on April 19, 2021 (*Id.*, Ex. 23). He also filed a second Rule 3.850 motion on March 29, 2021 (*Id.*, Ex. 32). According to the Hillsborough County Clerk of the Court's website, https://hover.hillsclerk.com/, the second Rule 3.850 motion remains pending as of the date of this Order.

Mr. Gaitan filed his federal habeas petition in this Court on January 11, 2021 (Doc. 1 at 24). His amended petition was filed on June 9, 2021 (Doc. 8 at 14). And his second amended petition was filed on August 17, 2021 (Doc. 10 at 14).

## II. DISCUSSION

Respondent moves to dismiss the second amended petition as time-barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Mr. Gaitan's judgment of conviction became final. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs the instant petition, establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Mr. Gaitan's judgment of conviction was affirmed by the appellate court on May 11, 2012. Therefore, for purposes of § 2244(d), the judgment became final ninety (90) days later on August 9, 2012. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme Court expired); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is

timely filed, within 90 days of the appellate court's denial of that motion."); S. Ct. R. 13(1), (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). Thus, Mr. Gaitan's AEDPA statute of limitations period commenced on August 10, 2012. He therefore had until August 9, 2013, to file a timely federal habeas petition under § 2254. His initial habeas petition was filed on January 11, 2021. Accordingly, his petition is untimely unless the limitations period was tolled for a sufficient period by properly filed state court post-conviction applications.

After the limitations period commenced on August 10, 2012, 348 days elapsed before the limitations period was tolled on July 24, 2013, when Mr. Gaitan filed his Motion to Correct Illegal Sentence. Although that motion was denied on October 29, 2013, the limitations period remained tolled through December 28, 2020, when the mandate issued affirming the post-conviction court's order denying Mr. Gaitan's initial Rule 3.850 motion (filed August 13, 2013). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (explaining that state collateral motion remains pending until appellate court mandate issues).

Another 13 days of the limitations period elapsed before Mr. Gaitan filed his initial federal habeas petition on January 11, 2021. Thus, fewer than 365 days of the limitations period elapsed (348 + 14 = 362) when the initial petition was filed. The ineffective assistance claim raised in the initial petition therefore is timely. However, filing the initial petition did not toll the limitations period. *See Duncan v. Walker*, 533

U.S. 167, 172 (2001) ("[A] properly filed federal habeas petition does not toll the limitation period."). Therefore, because Mr. Gaitan's AEDPA statute of limitations expired on January 14, 2021, any new claim filed after that date was outside of the one-year limitations period unless it relates back to the claim raised in the initial petition. *See Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (the timeliness of a § 2254 petition must be evaluated on a "claim-by-claim basis").[1]

For purposes of the statute of limitations, "[a]n amendment to a pleading relates back to the date of the original pleading when: the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Because the three claims initially alleged in the amended petition and re-

---

[1] Neither Mr. Gaitan's March 17, 2021 petition for writ of habeas corpus filed in the Florida Supreme Court nor his March 29, 2021 second Rule 3.850 motion tolled the limitations period because it had already expired on January 14, 2021. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 post-conviction motion outside limitations period).

alleged in the second amended petition are supported by new and different operative facts not alleged in the initial petition,[2] they are time-barred.[3] *Mayle*, 545 U.S. at 664.

Mr. Gaitan's claim that trial counsel was ineffective in failing to present evidence to impeach the victim is not time-barred because it was raised in the timely filed initial petition (Doc. 1).[4] However, the claim lacks merit.

### A. Legal Standard

The AEDPA "establishes a highly deferential standard for reviewing state court judgments," *Parker v. Sec'y for Dep't. of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003) (citation omitted), that does not allow relief from a state court conviction on a claim "'that was adjudicated on the merits in the State court proceedings' unless the state court's

---

[2] The initial petition solely alleged trial counsel was ineffective in failing to present evidence to impeach the victim (Doc. 1). The new claims alleged Mr. Gaitan: 1) was illegally detained and denied bail due to a defective felony information for failing to cite a proper subdivision of the statute; 2) was charged with a capital felony but did not receive a 12-person jury; and 3) was convicted with no medical evidence and was denied his right to confront the victim before trial.

[3] Mr. Gaitan has not established that any equitable tolling of the limitations period is warranted; nor has he alleged or shown that he can prove actual innocence in order to overcome the time bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (actual innocence can overcome the statute of limitations in AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C] § 2244(d) is subject to equitable tolling in appropriate cases.").

[4] Respondent argues this claim was abandoned because it was not raised in the second amended petition (Doc. 12 at 12). Although the claim was not raised in the second amended petition (see Doc. 10), Mr. Gaitan raised the claim as Ground One in both his initial petition (see Doc. 1) and amended petition (see Doc. 8) and states in his reply, "Ground One of the amended petition should be granted. . . ." (See Doc. 13 at 1). That statement supports a finding that Mr. Gaitan did not intend to abandon the claim. Moreover, this Court must liberally construe a *pro se* petition for federal habeas relief. *See Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005) (courts must construe "the pleadings of a pro se petitioner . . . liberally."). Thus, out of an abundance of caution, the Court will address Mr. Gaitan's ineffective assistance claim on the merits.

decision was '(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nejad v. Attorney Gen.*, 830 F.3d 1280, 1288 (11th Cir. 2016) (quoting 28 U.S.C. § 2254(d)).

"Clearly established Federal law" means holdings of the U.S. Supreme Court "as of the time of the relevant state-court decision." *Id*. at 1288-89 (citation omitted). "Contrary to" requires a state court conclusion "opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 1289 (citations omitted) (alterations in original). The "unreasonable application" clause applies only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. (citation omitted) (alterations in original).

A state court's factual determination, meanwhile, "is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Id*. (citation omitted). AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Id*. (citation omitted). This is a "demanding but not insatiable standard, requiring proof that a claim is highly probable." *Id*. (citation and internal quotation marks omitted).

Counsel is ineffective under the Sixth Amendment if "(1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense such that petitioner was deprived of a fair trial." *Dill v. Allen*, 488 F.3d 1344, 1354 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). But in the habeas context, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citation and internal quotation marks omitted). "If there is 'any reasonable argument that counsel satisfied *Strickland*'s deferential standard,' then a federal court may not disturb a state-court decision denying the claim." *Hittson v. GDCP Warden*, 759 F.3d 1210, 1248 (11th Cir. 2014) (citation omitted).

### B. Analysis

Mr. Gaitan's ineffective assistance claim was raised in state court in Ground Two of his amended Rule 3.850 motion (Doc. 9-2, Ex. 14 at 130-34). In denying the claim, the state post-conviction court stated:

> In claim two, Defendant alleges trial counsel was ineffective for failing to conduct a diligent investigation of the facts of the case and failing to procure relevant evidence and witnesses for the defense. Defendant contends that in this case, the victim alleged that Defendant assaulted her in his trailer on [redacted]. Defendant contends that he told his counsel that he did not purchase the trailer or the permit for it until 2004. Defendant contends that his counsel should have obtained the records demonstrating the date he purchased the permit for his trailer. Defendant contends this information would have shown Defendant did not purchase the permit until June 2004 which is well beyond the date

8

range provided in the information. Defendant contends that this information would have neutralized his confession, demonstrating that he confessed to a crime that never occurred.

Additionally, Defendant contends that had his counsel conducted a diligent investigation, his counsel would have been able to locate the Department of Children and Families (DCF) case worker who worked with his family. Defendant contends this case worker would have been able to testify that Defendant had a brief fifteen-minute supervised visit with the children and then did not see them again until 2004. Defendant contends that both the information regarding his trailer permit and the testimony of the DCF case worker would have supported Defendant's defense and directly contradicted the allegations made by the State in the information.

In its prior order, the Court found that to the extent that Defendant alleges that his counsel should have investigated his trailer permit date, Defendant has presented a facially sufficient claim. The court further found that to the extent that Defendant alleges that his counsel should have called the DCF case worker to testify at trial, Defendant has presented a facially sufficient claim. Therefore, the Court ordered the State to respond to this claim.

In its response, the State conceded to the need for an evidentiary hearing on this claim. After reviewing the allegations, the State's response, the court file, and the record, the Court found that Defendant was entitled to an evidentiary hearing on this claim.

At the hearing, Mr. Chalela denied that Defendant ever asked him to investigate the location where the incidents occurred on [redacted] denied that Defendant ever advised him that he never lived at that location on the date of the offense, and denied that Defendant ever asked him to do any work in relation to the structure where the incidents occurred. (*See* March 29, 2019, transcript, pps. 72-73, attached). He admitted that the victim alleged that the incidents occurred at [redacted] in the [redacted] (*See* March 29, 2019, transcript, p. 73, attached). He denied having any indication from Defendant or otherwise that the acts had not occurred at the [redacted] address, but did think that given the discovery indicated that the acts occurred for a long period of time over many years, there may have been other sexual acts in other locations. (*See* March 29, 2019, transcript, pps. 73-74, attached). He admitted that the discovery indicated that Defendant admitted to law enforcement that

9

the incidents occurred at the [redacted] address. (*See* March 29, 2019, transcript, p. 75, attached). Certified records of the deed for the property at [redacted] were admitted into evidence as State's exhibits 3-A through 3-C. (*See* March 29, 2019, transcript, pps. 75-76, exhibits, attached).

After reviewing the allegations, the testimony, evidence, and arguments presented at the March 29, 2019, evidentiary hearing, written closing arguments, the court file, and the record, the Court finds Mr. Chalela's testimony more credible than that of Defendant. The Court finds Defendant did not ask Mr. Chalela to investigate the location where the incidents occurred on [redacted] did not tell Mr. Chalela that he never lived at that location on the date of the offense, and did not ask Mr. Chalela to do any work in relation to the structure where the incidents occurred. (*See* March 29, 2019, transcript, pps. 72-73, attached). The Court finds the victim alleged that the incidents occurred at [redacted] in the (*See* March 29, 2019, transcript, p. 73, attached). The Court finds Mr. Chalela did not have any indication from Defendant or otherwise that the acts had not occurred at the [redacted] address, but did think there may have been other sexual acts in other locations. (*See* March 29, 2019, transcript, pps. 73-74, attached). The Court finds the discovery indicated that Defendant admitted to law enforcement that the incidents occurred at the [redacted] address. (*See* March 29, 2019, transcript, p. 75, attached). The Court finds that the certified records of the deed for the property at [redacted] admitted into evidence as State's exhibits 3-A through 3-C reflect that Defendant owned the property in [redacted] from January 5, 1999, through October 13, 2004. (*See* exhibits, attached). Therefore, the Court finds the Defendant owned the property during the dates alleged in the information. (*See* information, attached). The Court finds that the date Defendant purchased the permit for the trailer is irrelevant and does not mean there was not a trailer on the property prior to Defendant obtaining a permit for the trailer. Consequently, the Court finds Defendant cannot prove that Mr. Chalela acted deficiently or that Defendant was prejudiced as a result of Mr. Chalela's alleged failure to obtain the records demonstrating the date Defendant purchased the permit for his trailer. The property records show Defendant owned the property at the time of the alleged offenses, and the date Defendant purchased a permit for his trailer would not negate any element of the alleged offenses. The Court further finds Defendant failed to prove that Mr. Chalela acted deficiently or that Defendant was prejudiced as a result of Mr. Chalela's failure to locate the Department of Children and Families (DCF) case worker who worked with his family when Defendant failed to provide any admissible evidence to support his

10

> allegation that the case worker could have provided information to negate an element of the offenses. **As such, no relief is warranted upon claim two**.

(Doc. 9-2, Ex. 18 at 302-305) (emphasis in original). The state appellate court affirmed the denial of the amended Rule 3.850 motion without a written opinion (*Id.*, Ex. 20).[5]

The state court's denial of the claim was reasonable. First, Mr. Gaitan asserts counsel should have called the DCF worker to testify because she would have testified an injunction against Mr. Gaitan allowed only fifteen-minute supervised visits with his children, including the victim. In denying this claim, the state court said, "Defendant failed to provide any admissible evidence to support his allegation that the case worker could have provided information to negate an element of the offenses." *Id.*, Ex. 18 at 304. Mr. Gaitan concedes the DCF worker was not called during the state post-conviction evidentiary hearing (Doc. 1 at 17).

The burden of establishing prejudice under *Strickland* "is particularly heavy where the petitioner alleges ineffective assistance in failing to call a witness because often allegations of what a witness would have testified to are largely speculative." *McKiver v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1357, 1365 (11th Cir. 2021) (quotation omitted). For that reason, "a petitioner's own assertions about whether and how a witness would have testified are usually not enough to establish prejudice from the failure to interview or call that witness." *Id.* Here, Mr. Gaitan presents no evidence

---

[5] When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018).

that the DCF worker would have testified as he suggests. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnotes omitted). Mr. Gaitan therefore cannot obtain relief on this speculative ineffective assistance claim. *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'") (quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985)).

Second, Mr. Gaitan alleges counsel should have impeached the victim's testimony that she was sexually assaulted by him in 2001 at the "Balm" trailer with records that show the permit to put the trailer on the lot was not issued until June 2004. But the state post-conviction court found credible counsel's testimony that Mr. Gaitan never informed counsel that the incidents could not have occurred in the "Balm" trailer and that he should investigate the issue (See Doc. 9-2, Ex. 29 at 917-18). This Court must defer to the state court's findings of fact, 28 U.S.C. § 2254(e)(1), including applying deference to the postconviction court's credibility determinations, *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) (noting a federal court, on habeas review, "must accept the state court's credibility determination," applying a "presumption of correctness" (citing *Coulter v. Herring*, 60 F.3d 1499, 1503 (11th Cir.

1995))). And Mr. Gaitan has not rebutted the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). Because Mr. Gaitan never told counsel the incidents could not have happened at the "Balm" trailer because the trailer was not on the lot in 2001, counsel was not deficient in failing to investigate an issue of which he was not aware. This is especially true where counsel was aware that both the victim and Mr. Gaitan told police the abuse occurred at the "Balm" trailer (See Doc. 9-2, Ex. 29 at 917-19; Ex. 37 at 1025).

Even if Mr. Gaitan had told counsel about the issue and to investigate when Mr. Gaitan obtained the permit, he still cannot show prejudice. During the state court proceedings, Mr. Gaitan produced no witnesses or documents to support his contention that there was no trailer on the "Balm" property when the incidents occurred (See generally, Doc. 9-2, Exs. 10-12, 29). In contrast, the State submitted documents showing Mr. Gaitan owned the "Balm" property during the relevant period (*Id.*, Ex. 29 at 919-20; Ex. 18 at 453-55).[6] Moreover, the state court found that the date on which Mr. Gaitan obtained the permit was "irrelevant" because that did

---

[6] Mr. Gaitan contends the address of the "Balm" property was 17235 County Rd., Lithia, FL, rather than his property at 12305 Rhodine Rd., Riverview, FL, the address on the property documents entered into evidence by the State during the evidentiary hearing. But Mr. Gaitan concedes he never objected to the State entering those records into evidence (Doc. 1 at 10). And he never raised the matter in his written closing argument following the evidentiary hearing (Doc. 9-2, Ex. 26). In contrast, the State argued in its written closing statement that the property records "showed the property where the incidents were alleged to have occurred. . . ." (*Id.*, Ex. 25 at 520-21). Thus, the state court's finding that Mr. Gaitan owned the property where and at the time the incidents were alleged to have occurred was not based on an unreasonable determination of the facts in light of the evidence presented during the state court proceeding.

13

not establish no trailer was on the property before the permit was obtained.[7] Considering Mr. Gaitan owned the "Balm" property during the relevant period, and both the victim and Mr. Gaitan stated the incidents happened in the "Balm" trailer, the state court's determination that Mr. Gaitan was not prejudiced by counsel not obtaining records demonstrating the date Mr. Gaitan purchased the permit for his trailer was reasonable.

Third and finally, liberally construing Mr. Gaitan's claim, he alleges counsel was ineffective in failing to obtain a DCF report that would have shown he could not have committed the offenses because there was an injunction against him, he could only see his daughters during 15-minute supervised visits, and his daughters were living with their grandmother (Doc. 1 at 7). Initially, this specific ineffective assistance claim appears to be procedurally barred from review because it was not raised in his Rule 3.850 motion (Doc. 9-2, Exs. 10-12), and Mr. Gaitan has not shown cause and prejudice or his actual innocence. But even if the claim were not barred from review, it would fail on the merits.

---

[7] Mr. Gaitan provided a document he contends shows he did not obtain a permit for the property at 17235 County Rd. until June 2004 (Doc. 1-1 at 8). The Court sees nothing on that document establishing Mr. Gaitan obtained a permit in June 2004. Regardless, the Court cannot consider the document in deciding this claim because it was not part of the state court record. *See McKiver*, 991 F.3d at 1367 ("Under AEDPA, [a federal court's] 'review is limited to the record that was before the state court that adjudicated the claim on the merits.'" (quoting *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011))).

Mr. Gaitan cannot show deficient performance or that he was prejudiced by counsel not obtaining the DCF report because the report included information damaging to Mr. Gaitan. First, the report detailed how in March and April of 2001, Mr. Gaitan physically abused his wife and daughters while intoxicated at the Rhodine Rd. residence (Doc. 9-2, Ex. 35 at 994).[8] And second, Mr. Gaitan's argument that he could not have committed the offenses because he was prohibited from having contact with his daughters under the injunction is refuted by the report which indicates Mr. Gaitan was at the residence for at least a week in violation of the injunction (*Id.*, Ex. 35 at 996). Counsel was not ineffective in failing to obtain evidence that could have been harmful to Mr. Gaitan's defense. *See Durham v. Sec'y, Fla. Dep't of Corr. & Fla. Att'y Gen.*, 5:20-cv-240-JBL-PRL, 2023 WL 5445589, at *13 (M.D. Fla. Aug. 24, 2023) ("It is axiomatic that Counsel is not ineffective for failing to offer potentially harmful evidence at trial."); *see also Jackson v. Sec'y, Dep't of Corr.*, No. 19-11704-D, 2019 WL 8646045, at *1 (11th Cir. Oct. 30, 2019) (counsel's decision to avoid potentially damaging evidence was "not outside the scope of what a reasonable attorney would have done").

The state courts' rejection of this ground of ineffective assistance of counsel was neither an unreasonable application of *Strickland* nor based on an unreasonable

---

[8] During the evidentiary hearing, counsel stated the concerns he and Mr. Gaitan had if evidence of Mr. Gaitan's drinking and domestic violence were presented at trial (Doc. 9-2, Ex. 29 at 429).

15

determination of the facts in light of the evidence presented in state court. Ground One of the initial and amended petitions therefore warrants no relief.

Accordingly:

1. Respondent's motion to dismiss (Doc. 12) is **GRANTED** to the extent that Grounds Two, Three, and Four of the amended petition (Doc. 8) and all grounds (Grounds One, Two, and Three) in the second amended petition (Doc. 10) are **DISMISSED** as time-barred. Mr. Gaitan's timely ineffective assistance of counsel claim, Ground One of both the initial petition (Doc. 1) and amended petition (Doc. 8), is **DENIED**.

2. The Clerk must enter judgment against Mr. Gaitan and close this case.

### Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id.* A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong, *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where, as here, claims also have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478; *Webster v. Moore*, 199 F.3d, 1256 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Mr. Gaitan cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

ORDERED in Tampa, Florida on April 9, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Counsel of Record
Henry Gaitan, *pro se*